IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OWNERS INSURANCE CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14–cv–1017–MJR–DGW |
| | ) |
| DAVID M. HAGEN and | ) |
| ASHLEY INGRAM, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**REAGAN, Chief Judge:**

In this action for declaratory relief, Owners Insurance Company filed suit seeking a declaration that a CGL policy it wrote for Defendant David Hagen (No. 084604-07060870-11---"the Policy") does not cover "the employment related claims of Ashley Ingram." Ingram, in Case No. 14-cv-0792-MJR ("the underlying case"), has sued Hagen for incidents stemming from the time she spent working at Hagen's lawn and landscaping business. The Amended Complaint in the underlying case alleges that Hagen was Ingram's employer (from 2009 through 2012), and that Hagen (1) violated the Fair Labor Standards Act and Illinois minimum wage laws in various ways and (2) sexually harassed her.

The instant case comes before the Court on Hagen's Motion for Judgment on the Pleadings, which ripened in late November upon Owners' response. For the reasons explained below, the Motion (Doc. 11) is **DENIED**.

## JUDGMENT ON THE PLEADINGS STANDARD

Federal Rule of Civil Procedure 12(c) controls a motion for judgment on the pleadings, and Rule 10 makes clear that attached, written documents are functionally part of those pleadings: "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." **Fed. R. Civ. P. 10(c)**. The rule is designed to permit a party to request a district court to dispose of the matter at the initial stage of the proceedings. *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 n.3 (7th Cir. 1998).

A motion for judgment on the pleadings under Rule 12(c) is governed by the same standards as a 12(b)(6) motion to dismiss for failure to state a claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Judgment is based on the pleadings, and (as discussed above) the pleadings include the complaint, the answer, and any written instruments attached as exhibits. *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. Facts are viewed in the light most favorable to the nonmoving party, and the motion will be granted "only if it appears beyond doubt that the [nonmovant] cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). *Accord Hous. Auth. Risk Retention Grp. V. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). The moving party must demonstrate that there are no material issues of fact to be resolved. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

## THE POLICY AND BACKGROUND

Under the Policy, "Personal Injury" means injury "other than 'bodily injury,' arising out of …discrimination, humiliation, sexual harassment and any violation of civil rights caused by such discrimination, humiliation or sexual harassment." (Doc. 2-2, 58–59). Hagen points to the plain language of that definition (which Owners' cedes is part of the Policy) as proof positive that the Policy covers Ingram's claims against him.

Owners counters that Hagen's incomplete reading of the Policy dooms his position. Specifically, Hagen fails to account for Exclusion 2.n. (labelled "Employment-Related Practices"), which provides in pertinent part that

> This insurance does not apply to 'personal injury' … arising out of any
>
> > (b) Termination of a person's employment;
> >
> > (c) Employment-related practice, policy, act or omission, including but not limited to coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at a person

(Doc. 2-2, 39–40). The exclusion applies "[w]hether the insured may be liable as an employer or in any other capacity," and "[w]hether the offense is alleged to arise out of the employment during the course or scope of employment, outside the course or scope of employment or after termination. (*Id.* at 40).

## ANALYSIS

Owners' argument carries the day. Under Illinois law, an insurance policy is a contract, and the general rules of contract interpretation apply. *Hobbs v. Hartford Ins. Co. of the Midwest*, 823 N.E.2d 561, 564 (Ill. 2005). A court's primary

3

objective is to discern and give effect to the parties' intent as expressed in the policy language. *Id.* A policy should be applied as written so long as its language is unambiguous. *Id.* A court must "construe the policy *as a whole*, taking into account the type of insurance purchased, the nature of the risks involved, and the overall purpose of the contract." *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 860 N.E.2d 280, 285 (Ill. 2006).

Here, the Court cannot grant judgment on the pleadings to Hagen. The "Employment-Related Practices" exclusion—completely ignored by Hagen (though it forms a crucial part of Owners' allegations)—supports the notion that, as to the underlying lawsuit, Owners has no obligation to Hagen under the Policy.[1] *See Wehrle v. Cincinnati Ins. Co.*, 719 F.3d 840, 842 (7th Cir. 2013) ("Illinois courts interpret the policy as a whole, giving effect to every provision, if possible, because it must be assumed that every provision was intended to serve a purpose.") (internal quotation marks and citation omitted). The underlying suit, which will ultimately determine the legality of Hagen's payment of wages to Ingram (and whether he sexually harassed her), appears to be based entirely on "[e]mployment-related practice(s), polic(ies), act(s) or omission(s)," including "harassment"—matters unambiguously excluded from coverage in the Policy. While the Court cannot grant full relief to Owners at this stage (since it has not moved for judgment

---

[1] Neither the Complaint nor the instant motion attempt to distinguish between Owners' potential duty to defend or duty to indemnify.

4

on the pleadings), the glaringly incomplete[2] contract interpretation proposed by Hagen cannot support judgment on the pleadings in his favor.

## CONCLUSION

Hagen's Motion for Judgment on the Pleadings (Doc. 11) is **DENIED**. This Memorandum and Order should suffice to inform the parties as to the status of the proceedings, so Defendant's "Motion for Telephone Status Conference" (Doc. 22) is **DENIED**.

IT IS SO ORDERED.
DATE: January 29, 2015

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
Chief Judge
UNITED STATES DISTRICT COURT

---

[2] Perhaps hinting at the shakiness of Hagen's motion, Owners requested costs in its Response. Owners cites no authority for a cost award, and in any event their interests are not harmed. Should they prevail in the case, those costs may be awarded later. FED. R. CIV. P. 54(d)(1); 28 U.S.C. § 1920.

5